IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| XIOMARA CUBERO-SANTIAGO, * <br> on her own behalf and as legal heir of * <br> BLANCA IRIS PÉREZ-SOTOMAYOR * <br>   * <br>   Plaintiff, * <br>   * <br> v., * <br>   * <br> WILLIAM RODRÍGUEZ BONET * <br> d/b/a WILLIE'S SPORTS BAR & * <br> GRILL; HÉCTOR SANTOS; ACME * <br> GAS COMPANY; COOPERATIVA * <br> DE SEGUROS MÚLTIPLES DE * <br> PUERTO RICO; INSURERS 1-5; * <br> UNKNOWN DEFENDANTS 1-5, * <br>   * <br>   Defendants. * <br> ************************************* | CIVIL NO. <br><br> RE: PERSONAL INJURY <br><br> PLAINTIFF DEMANDS <br> TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**NOW INTO THIS COURT,** through the undersigned counsel, comes the plaintiff and respectfully states, alleges and requests, as follows:

**I. Jurisdiction and Venue**

1.1    This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. § 1332, because all the parties on either side of the controversy are of diverse citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

1.2    The facts set forth in this Complaint are actionable under Articles 1536, 1538, 1539 and 1540 of the 2020 Civil Code of Puerto Rico, 31 LPRA §§ 10801, 10803, 10804 and 10805.

1.3    Venue lies under 28 U.S.C. §§ 1391(b) & (c) and 31 U.S.C. §3732(a) because Defendants transact business within this district and the acts and/or omissions forming the

basis of this Complaint caused Plaintiff to sustain her damages within the District of Puerto Rico.

## II. Jury Trial Demand

2. Pursuant to the Seventh Amendment of the United States Constitution, the Plaintiff demands a trial by jury in the instant case.  Fed. R. Civ. P. 38b.

## III. Parties to the Action

3.1   The Plaintiff **Xiomara Cubero-Santiago** ("**Cubero**" or "**Plaintiff**"), who is a female of legal age and citizen of the State of Florida, appear on her own behalf and as legal heir of her deceased mother, **Blanca Iris Pérez-Sotomayor** ("**Pérez**").

3.2   The Defendants are: **William Rodríguez Bonet** d/b/a **Willie's Sports Bar & Grill** (henceforth "**Rodríguez**"); **Héctor Santos** ("**Santos**"); **ACME Gas Company,** which is designated with a fictitious name because its true name is unknown to Plaintiff at this time; **Unknown Defendants 1-5,** which are designated with fictitious names because their true names are unknown to Plaintiff at this time; **Cooperativa de Seguros Múltiples de Puerto Rico** (henceforth "**CSM**"); **Insurers 5**, which are also designated with fictitious names because their true names are unknown to Plaintiff at this time.

3.3   Defendants are incorporated or organized under the laws of, and have their principal places of business in, or are citizens of, the Commonwealth of Puerto Rico or a State of the Union other than Florida.

3.4   At all times relevant herein, **Rodríguez** was the tenant and **Santos** was the owner and lessor of a commercial establishment located at Road # 2, Miramar Avenue, Arecibo, P.R., where **Rodríguez** operated and managed the commercial restaurant known as Willie's Sports Bar & Grill.

3.5   At all times relevant to this matter, **Rodríguez** and **Santos** had a legal duty of care to keep the facilities of Willie's Sports Bar & Grill free of risks and dangerous

2

conditions, and to take all reasonable and necessary measures to protect its employees and any other person who legally used such facilities, including the deceased **Pérez**, against any foreseeable risk of serious bodily injury or death.

3.6     At the times relevant herein, **ACME Gas Company** installed and/or supplied the propane gas for two tanks inside the facilities and next to the kitchen of Willie's Sports Bar & Grill.

3.7     At all times relevant to this matter, **ACME Gas Company** had a legal duty of care to comply with federal and local regulations governing the installation, operation, and maintenance of gas tanks and the supply of propane gas to commercial establishments; and, to conduct regular inspections to ensure the safe installation and operation of the gas tanks and supply systems.

3.8     At all times relevant to this matter, **CSM** had issued and had in full force and effect an insurance policy in favor of **Rodríguez** and/or **Santos** which covers the damages claimed by Plaintiff under a factual situation such as the one alleged in this Complaint.

3.9     At the times relevant herein, **Insurers 1-5** had issued and had in full force and effect insurance policies in favor of **Rodríguez**, **Santos** and/or **ACME Gas Company** of the type of primary, secondary, "umbrella," excess coverage and/or any other type of coverage, that cover the risks, occurrences and/or events, and damages alleged in this Complaint.

3.10    **Unknown Defendants 1-5** are the natural or legal persons who could be responsible to Plaintiff for having caused, in whole or in part, the negligent acts and/or omissions related in this lawsuit and/or the damages suffered by Plaintiff, or for the payment of sums owed to her for the damages suffered, including the spouses of any natural person defendant, for being the legal entity through which Defendant or one of them conducts business, for having issued a liability policy that covers the damages claimed in this

Complaint, or for having received any economic benefit from the commercial operation of Defendant.

### IV. Factual Allegations

4.1   On August 16, 2023, at approximately 8:25 a.m., the decedent **Pérez** and another co-worker assigned to the kitchen at Willy's Sport Bar were cooking and preparing food to sell at lunch when suddenly there was a gas explosion that set the entire facility on fire.

4.2   The fire prevented the evacuation of these two employees through the door near the kitchen, which was the closest entrance and exit door to the area where **Pérez** and her co-worker worked. The only place where they were able to take shelter to avoid being burned alive, by the flare and the intense heat generated by it, was inside the refrigerated warehouse located on site.

4.3   **Pérez** and the other employee stayed inside the refrigerated warehouse for a long time but the fire did not stop, so they could not get out of the same. They slowly began to feel the effects of the high temperatures on their surroundings on their bodies – the smoke inhalation in their lungs, the irritation in their eyes and skin, and the gradual collapse of their respiratory systems – without having a single alternative to escape, begging for their lives, but anticipating the end. Ultimately, their lungs stopped working, their breathing ended and they died suffocated, alone and in the dark, without being able to say goodbye to their love ones.

4.4   In learning of the manner and form in which **Pérez** died, **Cubero** suffered considerable emotional anguish which has left an emotional mark on her forever. Moreover, as a result of said accident, **Cubero** lost the company, love and affection of her deceased mother; and, she has suffered severe emotional anguish and emotional distress.

4.5   The accident described above was caused, solely and exclusively, by the negligence of **Rodríguez**, **Santos** and **ACME Gas Company** by installing the two gas tanks

that caused the explosion and fire inside the facilities of Willy's Sport Bar and next to its kitchen, in clear violation of the applicable safety regulations, thereby creating an ostensibly hazardous condition for the employees that worked in the kitchen, without giving notice of such existing hazardous condition and without taking precautionary measures to avoid accidents like the one that occurred to Plaintiff's decedent.

4.6     **Rodríguez**, **Santos** and **ACME Gas Company** knew or, in the exercise of due diligence, should have known, about the existence of the perilous condition negligently maintained inside the facilities and next to the kitchen of Willy's Sport Bar and it was reasonably foreseeable to Defendants that such dangerous condition could and, in fact, did pose a threat to the safety and well-being of the kitchen staff, including **Pérez**, but they did nothing to eliminate such hazardous condition before the accident suffered by her occurred.

4.7     **Rodríguez**, **Santos** and **ACME Gas Company** had a legal heightened duty of care toward the employees that worked in Willy's Sport Bar to keep the premises, including its kitchen, in a reasonably safe condition and to adequately inspect the same according to applicable standards, as well as pursuant to its knowledge and experience, for the existence of any hazards and dangerous conditions, in order to prevent the kitchen staff from being exposed to any foreseeable risk or peril of serious bodily injury or death.

4.8     Likewise, **Rodríguez**, **Santos** and **ACME Gas Company** had the legal heightened duty of care towards the kitchen employees, such as **Pérez**, to provide adequate supervision, training, and instructions to its employees or agents to ensure that they could identify and recognize hazardous and dangerous conditions in the gas tanks and supply systems, so that they could effectively take any proper, reasonable and necessary precautions or measures required to protect the kitchen staff from being exposed to any foreseeable risk or peril of serious bodily injury or death.

4.9    **Rodríguez**, **Santos** and **ACME Gas Company** were negligent in that they breached and utterly failed to comply with their duties:

a) to properly inspect the gas tanks and supply systems in question;

b) to properly train and instruct its agents or employees to maintain such gas tanks and supply systems in a reasonably safe condition for the use of its guests, invitees and others -- including, but not limited to, training and instructions on how to properly inspect, identify and remove or eliminate hazardous, perilous or dangerous conditions;

c) to keep said gas tanks and supply systems in reasonably safe conditions for their intended use, free from hazards or dangers;

d) to warn about such perilous conditions; and,

e) to remove the improperly installed gas tanks and supply systems and install them in the exterior of the structure in compliance with applicable federal and local regulations.

4.10    It was reasonably foreseeable to **Rodríguez**, **Santos** and **ACME Gas Company** that their failure to comply with one or more of the previously mentioned duties could cause the employees who worked in the kitchen of Willy's Sport Bar to suffer lethal injuries, as those occasioned to and suffered by **Pérez**.

4.11    The sole and exclusive negligence of **Rodríguez**, **Santos** and **ACME Gas Company** was the proximate or adequate cause of the injuries, damages and losses suffered by the deceased **Pérez** and **Cubero**. By incurring such negligence, Defendants responds to Plaintiff for the damages caused.

4.12    **CSM** issued a public liability policy in favor of **Rodríguez** and/or **Santos** to cover risks and damages such as those reported in this Complaint, under the terms of which it is liable to the deceased **Pérez** and **Cubero**, jointly and severally with its insured(s), for the damages they suffered.

4.13    **Insurers 1-5** issued one or more insurance policies in favor of **Rodríguez**, **Santos** and **ACME Gas Company**, which cover(s) risks and damages such as those related in this Complaint, and the negligence of its/their insured(s), under the terms of which it/they

respond to the deceased **Pérez** and **Cubero**, directly and independently, for the damages suffered.

4.14   **Insurers 1-5** and **Unknown Defendants 1-5** are also, jointly and severally, liable with the other Defendants to Plaintiff as to the liability attributed to them in this Complaint.

4.15   All Defendants are jointly and severally liable to Plaintiff.

## V.  Causes of Action

### First Cause of Action

5.1   Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

5.2   As direct result of the accident described hereinbefore, **Pérez** suffered intense physical pain, as well as severe mental, moral and emotional pain, anguish and distress related to the apprehension of the realization of his imminent death.

5.3   **Cubero**, as the legal heir of **Peréz**, is entitled to receive, as a full, just and fair compensation for the intangible damages suffered by her mother, since moment of the explosion in question until the time of her death, a reasonable sum of no less than **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)**.

### Second Cause of Action

5.4   Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

5.5   As direct result of the accident described hereinbefore and the consequent physical pain, mental anguish and lingering death suffered by **Pérez**, her daughter **Cubero** sustained the loss of her mother, and the loss of the love, attentions, affection, moral support and pleasures that she lavished her; and she have sustained and will continue to sustain, as a result thereof, severe mental anguish and emotional distress.

5.6     **Pérez**, is entitled to receive as a full, just and fair compensation for the intangible damages stated above, a reasonable sum of no less than **ONE MILLION DOLLARS ($1,000,000.00)**.

### Third Cause of Action

5.7     Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

5.8     Plaintiff claims payment of the additional compensation to which she is entitled in accordance with Article 1538 of the Civil Code of Puerto Rico, for an amount equal to that previously claimed as compensation for her damages.

### Fourth Cause of Action

5.9     Plaintiff repeats and reasserts by reference each and every allegation contained in the preceding paragraphs and incorporates the same herein as though fully set forth.

5.10    In the event Defendants deny liability and responsibility for the injuries and damages caused to Plaintiff, as set forth hereinbefore, Plaintiff would be entitled to pre-judgment interest for any and all sums finally awarded to her, to be computed from the date of the filing of this Complaint through and until the date Judgment is entered, as well as a reasonable amount of money for attorneys' fees.

### VII.  PRAYER FOR RELIEF

**WHEREFORE,** it is respectfully requested that Judgment be entered by this Honorable Court in favor of **Plaintiff** and, jointly and severally, against Defendants:

a) granting Plaintiff all the sums requested in the Complaint;

b) imposing upon Defendants the payment of all costs and expenses to be incurred in this lawsuit;

c) granting Plaintiff any other relief that she may be entitled to as a matter of law; and,

d) awarding Plaintiff pre-judgment and post-judgment interests, plus a reasonable amount for attorneys' fees.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, on August 15, 2024.



400 Calle Calaf
PMB 165
San Juan, Puerto Rico 00918-1314
Teléfono   787-761-1067
           787-761-1310
Telefax    787-330-0015
www.quintanasuarez.com

*s*/ Jorge R. Quintana Lajara
_____
Jorge R. Quintana Lajara, Esq.
USDC No. 219203
Email: jorge@quintanasuarez.com
Direct 787-309-7531


*s*/ José F. Quetglas Jordán
_____
José F. Quetglas Jordán, Esq.
USDC No. 203411
Email: jfquetglas@gmail.com
jquetglas@quintanasuarez.com
Direct 787-406-8915


*s*/Pedro R. Vazquez
_____
Pedro R. Vázquez
USDC No. 216311
Email: Prvazquez3@gmail.com
pvazquez@quintanasuarez.com